In the
United States Court of Appeals
for the Sixth Circuit

United States of America,

        Plaintiff-Appellant,

                          Case No. 24-1244

    v.

Ronald Norvale Williams,

        Defendant-Appellee.

_____/

## United States' Motion to Hold Briefing in Abeyance Pending *United States v. Goins* and *United States v. Rahimi*

The United States moves to hold briefing in this case in abeyance pending this Court's decision in *United States v. Goins*, No. 23-5848, and the Supreme Court's decision in *United States v. Rahimi*, No. 22-915. Those cases involve the same or substantially similar issue raised in this appeal—the constitutionality of 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms. *Goins* involves that same issue. This Court, on its own motion, expedited *Goins* and heard oral argument on March 21, 2024. Similarly, the Supreme Court heard argument on November 7, 2023 in *Rahimi*, which involves whether

Congress may disarm persons who are not law-abiding, responsible citizens, and an opinion is expected by the end of June.

## Background

Ronald Williams was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (R.1: Indictment, 1–3). Williams had previously been convicted of both first-degree murder and second-degree murder and was on parole at the time of the charged offense. (R:13: Motion to Dismiss, 33). The facts of William's murder convictions are stark. (R.19: Gov't. Supp. Br., 97). Sitting in the back seat of a car, Williams shot and killed a man sitting in the front passenger seat. (R.19-1: App. to Gov't. Br., 149). The driver, who was pregnant, tried to escape, but Williams shot her three times as she fled down the street, and she died in the emergency room. (*Id*., 149–150; R.22-6: Williams Second Supp. Br., 331). Williams received a 25–60 year sentence for first-degree murder, a life sentence for second-degree murder, and he was also convicted of possessing a firearm during the commission of a felony. (R.18: Williams First Supp. Br., 95). Paroled in 2019, Williams was subject to a condition that he could not possess firearms. (R.19-1: App. To Gov't. Br., 152–53).

Williams moved the district court to dismiss the indictment claiming that § 922(g)(1) was unconstitutional as applied to him, citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (R.13: Motion to Dismiss, 22–55; R.18: Williams First Supp. Br., 94). In a 73-page opinion, the court granted the motion and dismissed the case. (R.29: Opinion, 390–462). In assessing Williams' as-applied challenge, however, the court considered only those facts alleged in the indictment, i.e., that he was a convicted felon who possessed a firearm. (*Id.*, 422–24). The government moved to stay the district court's order, and that motion remains pending. (R.30: Motion for Stay, 463–76). The government timely filed a notice of appeal. (R.34: Notice of Appeal, 516).

## Argument

A panel of this Court may hold an appeal in abeyance pending the resolution of an issue by a panel of the Court in another case. *See, e.g., Ware v. United States*, 55 F. App'x 351, 351–52 (6th Cir. 2003) (noting that case was held in abeyance pending resolution of same argument by another panel); *Farmer v. United States*, 773 F. App'x 302, 302–03 (6th Cir. 2019) (noting that case was held in abeyance pending resolution of same issue by Supreme Court).

*Goins* involves the exact same issue here—the constitutionality of § 922(g)(1). While *Rahimi* involves § 922(g)(8)'s prohibition of persons subject to a domestic protection order from possessing firearms, that issue is substantially related to the one here. In each case, the government argues that the Second Amendment allows Congress to disarm individuals who are not law-abiding, responsible citizens. And in each case, the government relies on statements in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *Bruen* that the right to keep and bear arms belongs to law-abiding, responsible citizens; Second Amendment precursors that express a similar understanding; and 19th-century laws prohibiting unfit individuals from possessing arms.

Only one circuit court has thus far found § 922(g)(1) unconstitutional on an as-applied basis—*Range v. Garland*, 69 F.4th 96 (3d Cir. 2023) (en banc), *petition for cert. filed sub nom. Garland v. Range*, No. 23-374 (U.S. Oct. 5, 2023). There, the government has already asked the Supreme Court to hold its petition in abeyance pending the resolution of *Rahimi*. *See* Petition for Writ of Certiorari, 25–28, *Garland v. Range*, No. 23-374. The Supreme Court has

4

effectively done so by taking no action on it while *Rahimi* awaits

decision. This Court should hold this appeal in abeyance as well

pending *Goins* and *Rahimi*.

Finally, Williams will not be prejudiced by doing so. He is

currently in state custody because the conduct underlying the offense

here also violated his parole, and his counsel has advised that Williams

"is quite likely" to "**not** be released and instead will face a lengthy

period of state incarceration." (R.32: Williams Resp. to Motion for Stay,

490 (emphasis in original)). Moreover, an abeyance would promote

judicial efficiency because *Goins* and *Rahimi* are likely to provide

authoritative guidance for the parties litigating this appeal and the

panel deciding it.

## Conclusion

The Court should hold briefing in this appeal in abeyance pending its decision in *United States v. Goins*, No. 23-5848, and the Supreme Court's decision in *United States v. Rahimi*, No. 22-915.

Respectfully submitted,

Dawn N. Ison
United States Attorney

/s/ William J. Vailliencourt, Jr.
William J. Vailliencourt, Jr.
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9626
William.Vailliencourt@usdoj.gov

Dated: May 8, 2024

## Certificate of Compliance

This Motion to Hold Briefing in Abeyance complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 882 words. This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

/s/ William J. Vailliencourt, Jr.
Assistant United States Attorney

Dated: May 8, 2024

## Certificate of Service

I certify that on May 8, 2024, I electronically filed this Motion to Hold Briefing in Abeyance for the United States with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system, which will send notification of the filing to the following:

Celeste Kinney, Celeste_Kinney@fd.org

Brandy Robinson, Brandy_Robinson@fd.org

/s/ William J. Vailliencourt, Jr.
Assistant United States Attorney