In the
United States Court of Appeals
for the Sixth Circuit

United States of America,

       Plaintiff/Appellant,

    v.                              Case No. 24-1244

Ronald Norvale Williams,

       Defendant/Appellee.
_____/

## United States' Second Status Report

On May 24, 2024, this Court held briefing in abeyance pending decisions by the United States Supreme Court in *United States v. Rahimi*, No. 22-915, and this Court in *United States v. Goins*, No. 23-5848.[1] As noted previously, the Supreme Court issued its opinion in *Rahimi* on June 21, 2024. 602 U.S. ___, 2024 WL 3074728. *Goins* remains pending.

In the interim, however, this Court issued a published opinion on August 23, 2024, in *United States v. Erick Williams*, 113 F.4th 637 (6th

---

[1] A similar order holding briefing in abeyance has been entered in *United States v. Raphael Williams*, No. 24-1409. That case involves a similar order entered by the same district judge.

Cir. 2024). In that case, the Court held that 18 U.S.C. § 922(g)(1) is constitutional on its face. *Id*. at 657. The Court further held, however, that because the statute is also constitutional as applied to "dangerous people," a defendant must have an opportunity to make "an individualized showing that he himself is not actually dangerous." *Id*. at 663. There, the Court had "little trouble concluding that [Erick] Williams is a dangerous felon" based on any one of his convictions for aggravated robbery, attempted murder, or felon-in possession of a firearm. *Id*. at 662. Ronald Williams, under any definition of dangerous, presents an even easier case.

 This Court held that a person convicted of "dangerous and violent crimes like murder, rape, assault, and robbery" would find it" hard [to] overcome the presumption that they are dangerous." *Id*. at 658. In fact, the Founders' decision to punish such offenses with death "might indicate an irrebuttable presumption of dangerousness." *Id*. Here, Ronald Williams had previously been convicted of first-degree murder and second-degree murder for fatally shooting a man and a pregnant woman. (R.19: Gov't. Supp. Br., PageID.97; R.19-1: App. to Gov't. Br., PageID.149–50; R.22-6: Williams Second Supp. Br., PageID.331). He

2

received a 25–60 year sentence for first-degree murder, a life sentence for second-degree murder, and he was also convicted of possessing a firearm during the commission of a felony. (R.18: Williams First Supp. Br., PageID.95). Paroled in 2019, Williams was subject to a condition that he could not possess firearms. (R.19-1: App. To Gov't. Br., PageID.152–53). For a convicted double-murderer like Williams, his "dangerousness [is] self-evident." *Williams*, 113 F.4th at 660.

Although *Goins* remains pending, *Williams* supports the government's position that the district court's decision here—finding § 922(g)(1) unconstitutional as applied to Ronald Williams—should be reversed.

Respectfully submitted,

Dawn N. Ison
United States Attorney

/s/ William J. Vailliencourt, Jr.
William J. Vailliencourt, Jr.
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9626
William.Vailliencourt@usdoj.gov

Dated: September 23, 2024

3

## Certificate of Service

I certify that on September 23, 2024, I electronically filed this Second Status Report for the United States with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system, which will send notification of the filing to the following:

>Brandy Robinson, Brandy_Robinson@fd.org
>Celeste Kinney, Celeste_Kinney@fd.org

>/s/ William J. Vailliencourt, Jr.
>Assistant United States Attorney