NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0199n.06

No. 24-1244

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 11, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| RONALD NORVALE WILLIAMS, | ) |
| Defendant-Appellee. | ) OPINION |

Before: SUHRHEINRICH, MOORE, and NALBANDIAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** In 1987, then eighteen-year-old Ronald Norvale Williams, Defendant-Appellee, was convicted of first- and second-degree murder. Although initially sentenced to life without parole, Williams was resentenced to a term of years and released on parole. After his release, and despite his status as a felon and parolee, Williams allegedly possessed a stolen pistol in violation of 18 U.S.C. § 922(g)(1). Applying the Supreme Court's decision in *Bruen*, the district court held that § 922(g)(1) was unconstitutional as applied to Williams and therefore dismissed his indictment. We disagree with the district court.

For the reasons that follow, we **REVERSE** the district court's order dismissing the indictment and **REMAND** for proceedings consistent with this opinion.

I. BACKGROUND

On April 4, 2023, the Government filed a one-count indictment charging Williams with violation of § 922(g)(1). *United States v. Williams*, 718 F. Supp. 3d 651, 654 (E.D. Mich. 2024).

No. 24-1244, *United States v. Williams*

In 1987, Williams was convicted of first- and second-degree murder. *Id.* at 655 n.2. After his sentence was converted from life without parole to a term of years, Williams was released on parole. *Id.* As a condition on his parole, Williams was prohibited from possessing a firearm. *Id.* at 662 n.16. Despite this condition and his status as a felon, the Government's indictment alleges that "[o]n or about March 2, 2023, . . . the defendant, Ronald Williams, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate commerce, a firearm . . . in violation of Title 18, United States Code, Section 922(g)(1)." *Id.* at 654 (alteration in original) (quoting R. 1 (Indictment at 1) (Page ID #1)).

Williams pleaded not guilty to the charge, *id.*, and, on June 15, 2023, filed a motion to dismiss the indictment, *id.* at 655. Williams argued that § 922(g)(1) is unconstitutional in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *Williams*, 718 F. Supp. 3d at 655. Following briefing, the district court granted Williams's motion to dismiss the indictment. *Id.* at 655, 683. "Because the government d[id] not identify a historical analog that [wa]s 'distinctly similar' or 'relevantly similar' to § 922(g)(1), the Court [wa]s required by *Bruen* to find the statute unconstitutional as applied to [Williams]." *Id.* at 683. The district court did not consider whether Williams, because of his prior murder convictions and parolee status, is dangerous and therefore can be lawfully disarmed pursuant to § 922(g)(1).

The Government appealed this decision. R. 34 (Notice of Appeal) (Page ID #516).

## II. STANDARD OF REVIEW

We review de novo the district court's order. *See United States v. Goins*, 118 F.4th 794, 797 (6th Cir. 2024).

No. 24-1244, *United States v. Williams*

### III.  DISCUSSION

Williams argues on appeal that § 922(g)(1) is facially unconstitutional and unconstitutional as applied to him.  Both arguments are foreclosed by binding precedent.  *See United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024); *Goins*, 118 F.4th at 804–05.  Accordingly, we reverse the district court's order dismissing Williams's indictment.[1]

**A.  Facial Challenge**

Williams's argument that § 922(g)(1) is facially unconstitutional is foreclosed by our precedent.  *Williams*, 113 F.4th at 657.  We are bound by this decision.  *See Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

Williams tries to evade this insurmountable obstacle by arguing that the dangerousness inquiry described in *Williams*, 113 F.4th at 657–61, renders § 922(g)(1) overbroad and void for vagueness, Appellee Br. at 26–33.  Although some judges have criticized *Williams* along the lines suggested by Williams, *see Range v. Att'y Gen. U.S.*, 124 F.4th 218, 281–85 (3d Cir. 2024) (en banc) (Krause, J., concurring in the judgment), we are in no position to second-guess binding precedent.  *Williams* definitively concluded that § 922(g)(1) "is constitutional on its face." 113 F.4th at 662.  Furthermore, it is not clear that an overbroad judicial interpretation can render the underlying statute unconstitutional under the void-for-vagueness doctrine.  *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1106 (6th Cir. 1995); *see also Wills v. Pszczolkowski*, 125 F.4th 534, 539 (4th Cir. 2025); *United States v. Jennings*, --- F. Supp. 3d ---, 2024 WL 4560602, at *6 (E.D. Mich. 2024).

---

[1]We note that the district court did not have the benefit of either *Williams* or *Goins* when it entered its order.

No. 24-1244, *United States v. Williams*

## B. As-Applied Challenge

We reverse the district court's decision on the as-applied challenge, and hold that § 922(g)(1) is constitutional as applied to Williams. Williams's two murder convictions and parolee status support our holding.

As this court explained in *Williams*, § 922(g)(1) is constitutional when it is "applied to dangerous people." 113 F.4th at 662–63. Thus, a defendant must be afforded "an opportunity to make an individualized showing that he himself is not actually dangerous." *Id.* at 663. In assessing dangerousness, someone who has committed "a crime 'against the body of another human being,'" like murder, "will have a very difficult time, to say the least, of showing he is not dangerous." *Id.* The finding must involve "fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." *Id.* In making these determinations, courts "may consider a defendant's entire criminal record." *Id.* at 659–60, 663.

Although the district court did not conduct an individualized dangerousness analysis, we hold that there is sufficient evidence in the record demonstrating that Williams could be disarmed under § 922(g)(1). Murder is exactly the type of prior felony conviction that *Williams* contemplates as rendering an individual dangerous under § 922(g)(1). *See id.* at 662 (attempted murder); *accord United States v. Parham*, 119 F.4th 488, 496 (6th Cir. 2024) (same). Williams responds to his inescapable past by pointing to his exemplary disciplinary record while in prison and the fact that he was paroled. Williams's efforts at rehabilitation are commendable, but they do not persuade us to hold that § 922(g)(1) is unconstitutional as applied to him. That is because even if we were persuaded that Williams's rehabilitation could outweigh his prior murder

convictions,[2] his parolee status—and the condition that he not possess a firearm—combined with his prior felony murder convictions support our holding.[3] *See Goins*, 118 F.4th at 804–05 (noting that a history of violent felonies combined with an active parole status that requires temporary disarmament supports finding dangerousness under § 922(g)(1)).

## IV.  CONCLUSION

For these reasons, we **REVERSE** the district court's order dismissing Williams's indictment and **REMAND** for further proceedings consistent with this opinion. We **DENY AS MOOT** Williams's motion to remand (D. 19).

---

[2] As the court in *Williams* held, "we ultimately reserve [the] question for another day," whether someone convicted of murder could show that they are not dangerous. 113 F.4th at 658.

[3] Williams does not dispute that he has two prior felony murder convictions and that he was on parole at the time of his arrest. We therefore do not address his arguments concerning the scope of relevant evidence under *Williams*. Appellee Br. at 13–14.